# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN TOSCANO, | CV F   00-5923 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR SUMMARY JUDGMENT (Doc. 90) |
| G. EMBREE, et. al., | |
| Defendants. | |

Ben Toscano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. RELEVANT PROCEDURAL HISTORY**

Plaintiff filed the instant action on June 21, 2000. (Doc. 1.) Plaintiff filed a First Amended Complaint on December 7, 2000, alleging that the Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (Doc. 10.) On March 21, 2001, the Court found Plaintiff's Amended Complaint stated a cognizable claim for relief against Defendants Embree, Dang, Hoffman, Thor, Thomas, Viegas, Turner and Winslow. (Doc. 14.)

1   On November 26, 2002, and pursuant to Defendant's Motion to Dismiss, the Court dismissed Defendant Thomas from the action. (Doc. 60.) On March 6, 2003, Defendants filed a Motion to Dismiss the case on the basis of Plaintiff's failure to exhaust his administrative remedies. (Doc. 62.) The Court issued Findings and Recommendations that the Motion be granted with respect to all Defendants except Defendant Winslow. (Doc. 74.) The District Court adopted the Recommendation on March 19, 2004, dismissed all Defendants and Ordered that the case proceed against Defendant Winslow only. (Doc. 77.) On April 1, 2004, Defendant Winslow filed an Answer to the First Amended Complaint. (Doc. 78.)

Defendant Winslow filed the instant Motion for Summary Judgment on January 28, 2005. (Doc. 90.) Plaintiff filed his Opposition to the Motion for Summary judgment on February 28, 2005. (Doc. 106.) Defendants filed a Reply to the Opposition on April 1, 2005. (Doc. 110)[1]

**B. VENUE**

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the Amended Complaint raised the Eighth Amendment deliberate indifference claim stemming from the dislocation/fracture of his thumb that occurred while he was incarcerated at Corcoran State Prison. The Complaint alleged that prison staff at both Corcoran State Prison and Pelican Bay State Prison, where Plaintiff was ultimately transferred, were deliberately indifferent to his medical needs. However, during the course of these proceedings, all but Defendant Winslow, were dismissed from the action. Plaintiff's allegations against Dr. Winslow concern his alleged deliberate indifference to Plaintiff's medical needs while Plaintiff was incarcerated at Pelican Bay State Prison. (Amended Complaint at 6-7.) As the

---

[1] Although Plaintiff filed a Reply to the Reply to the Opposition on April 15, 2005, the Court Ordered that the document be stricken from the record as the rules did not allow for a surreply. (Doc. 112.)

events or omissions giving rise to Plaintiff's Eighth Amendment claim against Defendant Winslow arose while Plaintiff was incarcerated at Pelican Bay State Prison, Pelican Bay State Prison is located in the Northern District and Defendant Dr. Winslow is also located in the Northern District, venue is proper in the Northern District and not in this district. See 28 U.S.C. § 1391(b).

When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." 28 U.S.C. § 1406(a).  In this case, the Court finds dismissal of the entire case at this stage in the proceedings would not serve the interests of justice as the case has been pending since the year 2000 and a dispositive motion has been filed by the Defendants.[2]  Thus, the Court will recommend transfer of the case.  So as not to burden the receiving court, the Court will further recommend that the pending Motion for Summary Judgment be denied without prejudice to a renewal of the Motion upon a schedule set forth by the receiving court.

## C. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the pending Motion for Summary Judgment be DENIED WITHOUT PREJUDICE, and the case be TRANSFERRED to the U.S. District Court for the Northern District of California. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within FIFTEEN (15) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

---

[2] The Court notes that part of Defendant's Motion for Summary Judgment is premised on the existence of Madrid v. Gomez, No. C-90-3094 TEH (N.D. Cal.), a class action suit wherein the District Court issued a permanent injunction over Pelican Bay State Prison and required the prison to implement a remedial plan for health care. Defendants allege that Plaintiff's Eighth Amendment allegations fall within the purview of Madrid and thus, he cannot maintain a separate suit concerning health care where a class action suit concerning the same subject matter is pending. (Motion for Summary Judgment at 20.)

3

1  Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served
2  and filed within TEN (10) court days (plus three days if served by mail) after service of the
3  Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
4  § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time
5  may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153
6  (9th Cir. 1991).
7  IT IS SO ORDERED.
8  **Dated:   August 24, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                                UNITED STATES MAGISTRATE JUDGE